**DURHAM JONES & PINEGAR P.C.**
J. Mark Gibb (5702)
mgibb@djplaw.com
111 East Broadway, Suite 900
Salt Lake City, Utah 84111
Tel: (801) 415-3000
Fax: (801) 415-3500

**BLANK ROME LLP**
Alfred W. Zaher (pro hac vice)
Bruce D. George (pro hac vice)
Joel L. Dion (pro hac vice)
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103-6998
(215) 569-5500

*Attorneys for Defendant Medical Components Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| C.R. BARD, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:12-cv-32-TS-EJF |
| MEDICAL COMPONENTS, INC., | ) |
| Defendant. | ) |

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

I.      BACKGROUND ........................................................................................................2

II.     ARGUMENT..............................................................................................................2

        A.      Medcomp's First Counterclaim for Invalidity and Unenforceability Satisfies the Federal Rule's Pleading Requirements as Exemplified in the Federal Rule's Form Patent Complaint........................................................................................................2

        B.      Bard Cannot Complain about a Lack of Specificity when Bard Has Refused Medcomp's Offer to Provide Substantial Specificity through Contentions ............4

        C.      Regardless of this Motion, the Issue of the Invalidity of the Bard Patents-In-Suit Will Remain in the Case ........................................................................................4

        D.      Medcomp Has Adequately Pled a Claim for Patent Infringement. .........................5

        E.      In the Alternative, Medcomp Requests Leave to Amend its Counterclaims...........6

III.    CONCLUSION...........................................................................................................6

2

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Boldstar Technical LLC v. Home Depot, Inc.*,
    517 F. Supp. 2d 1283 (S.D. Fla. 2007) ...................................................................................3

*Elan Pharma. Int'l v. Lupin Ltd.*,
    2010 U.S. Dist. LEXIS 32306 (D.N.J. Mar. 31, 2010) ..........................................................3, 4

*Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*,
    2011 U.S. Dist. LEXIS 135675 (N.D. Ga. Aug. 1, 2011) ......................................................3, 4

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007) ..............................................................................................2

*Microsoft Corp. v. Phoenix Solutions, Inc.*,
    741 F. Supp. 2d 1156 (C.D. Cal. 2010) .................................................................................3, 4

*Pfizer Inc. v. Apotex Inc.*,
    726 F. Supp. 2d 921 (N.D. Ill. 2010) .....................................................................................3, 4

*Veto Pro Pac, LLC v. Custom Leathercraft Mfg. Co.*,
    2009 U.S. Dist. LEXIS 8601 (D. Conn. Feb. 5, 2009) ............................................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 84 ....................................................................................................................2, 3, 6

Fed. R. Civ. P. 8 ......................................................................................................................1, 2, 5

Bard's motion to dismiss Medcomp's counterclaims is an exercise in litigation gamesmanship. The Federal Rules require notice pleading as set out in Rule 8. Medcomp's counterclaims are fully compliant with that rule.[1] Notwithstanding the Supreme Court's decisions in *Twombly* and *Iqbal*,[2] the Federal Rules only require bare-bones pleading in a patent case. Further, noting *Twombly* and *Iqbal*, District Courts have held that they cannot fairly require more in substance from an invalidity counterclaim than what is required for a claim of patent infringement.

Moreover, Medcomp has offered to provide substantial detail regarding its invalidity arguments early in the case through the mutual exchange of infringement and invalidity contentions.[3] Curiously, despite complaining about the alleged insufficiency of Medcomp's pleading, Bard rejected Medcomp's proposal for contentions. *See* Docket Entry ("D.E.") 41. Similarly, Medcomp's counterclaim for patent infringement satisfies the Federal Rule's pleading requirements – a fact that Bard tacitly admits by challenging only a portion of that claim. Accordingly, Bard's motion to dismiss should be denied because:

- Medcomp's counterclaims satisfy the Federal Rule's pleading requirements;

- Providing information regarding both infringement and invalidity through contentions is the more logical, orderly process to give both Bard and Medcomp the information they need to streamline the issues in the case; and

- In view of Bard's refusal to provide contentions, Bard's motion seems to be nothing more than a litigation tactic designed to increase the burden of this

---

[1] Indeed, as recently as 2010, Bard, through the same counsel representing it here, filed a counterclaim of patent invalidity in a case in this district that is virtually identical to Medcomp's counterclaim that Bard challenges. *See*, Docket Entry 64 in 2:10-cv-963-TC, (D. Utah), attached hereto as Exhibit 1.

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] Importantly, Medcomp is also a patent infringement plaintiff in this case by virtue of its third counterclaim. As such, Medcomp is not asking Bard to do any more than Medcomp itself is willing to do with regard to the requested contentions.

litigation.[4]

## I. BACKGROUND

On January 11, 2012, Bard filed a complaint alleging that Medcomp infringes Bard's U.S. Patent Nos. 7,947,022 ("the '022 patent"), 7,785,302 ("the '302 patent"), and 7,959,615 ("the '615 patent") (collectively, the "Bard Patents-in-Suit"). D.E. 2. On March 14, 2012, Medcomp answered Bard's complaint, and filed counterclaims for: (1) a declaratory judgment that the Bard Patents-in-Suit are invalid and unenforceable; (2) declaratory judgment that the Bard Patents-in-Suit are not infringed; and (3) Bard's infringement of Medcomp's U.S. Patent No. 8,021,324 ("the Medcomp patent"). D.E. 19.

On April 30, 2012, Bard moved to dismiss Counts 1 and 3 of Medcomp's Counterclaims, alleging that Medcomp failed to state a claim upon which relief can be granted, and further alleging that the Counterclaims do not comply with the pleading requirements.

## II. ARGUMENT

### A. Medcomp's First Counterclaim for Invalidity and Unenforceability Satisfies the Federal Rule's Pleading Requirements as Exemplified in the Federal Rule's Form Patent Complaint

Rule 84 of the Federal Rules of Civil Procedure specifies that "the forms in the Appendix suffice under these rules and illustrate the simplicity and the brevity that these rules contemplate." Fed. R. Civ. P. 84. Form 18, in turn, specifies the pleading that satisfies the Rule's requirements in a patent case, and specifies that a conclusory statement that the defendant allegedly infringes the patent suffices. Fed. R. Civ. P. App. Form 18, attached hereto as Exhibit 2. The Federal Circuit has held that Form 18 remains sufficient to satisfy Rule 8 even after

---

[4] Similarly, Bard has already served Medcomp with interrogatories seeking from Medcomp the very contentions that it has refused to provide to Medcomp, along with over 200 requests for production of documents. While Medcomp will address the issues with Bard's discovery separately, the pattern suggests that Bard's motivation is not to seek efficiency, but to the contrary to increase the effort and costs of litigating this case.

125708.00604/12204895v.1

*Twombly. See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007).

In view of the terse pleading that the Federal Rules endorse for a claim of patent infringement, numerous courts have held that invalidity counterclaims with similarly terse pleading – even counterclaims that do nothing more than recite the statutory provisions under which a patent may be invalidated – are sufficient. *See, e.g., Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, 2011 U.S. Dist. LEXIS 135675, at *8-16 (N.D. Ga. Aug. 1, 2011); *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010); *Pfizer Inc. v. Apotex Inc.*, 726 F. Supp. 2d 921, 937-38 (N.D. Ill. 2010); *Elan Pharma. Int'l v. Lupin Ltd.*, 2010 U.S. Dist. LEXIS 32306, at *11-16 (D.N.J. Mar. 31, 2010); *Boldstar Technical LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007).

As the *Graphic Packaging International* court observed, requiring counterclaimants to provide factual specificity in their invalidity counterclaims would be both "illogical and inequitable" because plaintiffs are permitted to plead bare-bone allegations in their patent infringement complaints. 2011 U.S. Dist. LEXIS 175675, at *10. It would be "incongruous to require heightened pleading for invalidity counterclaims when the pleading standard for infringement does not require factual allegations to support the infringement claims." *Graphic Packaging Int'l*, 2011 U.S. Dist. LEXIS 135675, at *12 (quoting *Microsoft*, 741 F. Supp. 2d at 1159).

The cases on which Bard relies to support its suggestion that more detail than what Medcomp provided is required fail to reconcile Rule 84's unequivocal statement that bare-bones pleadings are sufficient in patent infringement cases with the unspecified higher standard that those courts chose to impose for invalidity counterclaims. In view of Rule 84's dictates, there is no reasonable basis to hold invalidity counterclaimants to a higher pleading standard than that

3

imposed on infringement claimants. Accordingly, Medcomp's counterclaim for invalidity and unenforceability is adequately pled under the Federal Rules and Bard's motion should be denied.

### B. Bard Cannot Complain about a Lack of Specificity when Bard Has Refused Medcomp's Offer to Provide Substantial Specificity through Contentions

Bard's motion to dismiss complains of a lack of specificity in Medcomp's allegations of invalidity. Medcomp, however, proposed that the parties include infringement and invalidity contentions in their proposed scheduling order. *See* D.E. 41. Bard rejected this proposal. Having rejected Medcomp's offer to provide detailed contentions, Medcomp struggles to understand the real motivation behind Bard's present motion.

In fact, many of the courts that have rejected motions to dismiss counterclaims similar to Medcomp's have noted that because the applicable local patent rules require contentions, any complaints about the lack of specificity were irrelevant. *See Graphic Packaging Int'l*, 2011 U.S. Dist. LEXIS 135675 at *12-15; *Microsoft Corp*, 741 F. Supp. 2d at 1163; *Pfizer*, 726 F. Supp. 2d at 938; *Elan Pharma.*, 2010 U.S. Dist. LEXIS 32306 at *13-14. While such contentions are not required in this Court, providing for their use in this case, as Medcomp proposes, would be the more logical solution to Bard's request for additional specificity. Contentions would result in Medcomp providing, at a more appropriate time, much more detail than would be required if the Court adopts Bard's proposed pleading standard.

### C. Regardless of this Motion, the Issue of the Invalidity of the Bard Patents-In-Suit Will Remain in the Case

Finally, regardless of the outcome of this motion, the issue of the invalidity of the Bard Patents-in-Suit will remain in the case. In addition to Medcomp's counterclaim for invalidity and unenforceability, Medcomp also plead as a defense to Bard's claims its Third Affirmative Defense, which is that the Bard Patents-in-Suit are invalid and/or unenforceable. Bard does not

4

challenge the sufficiency of this affirmative defense, nor does Bard suggest that Medcomp should be precluded from mounting a defense based on the invalidity of the asserted patents. Thus, regardless of the Court's ruling on this motion, invalidity will remain an issue in the case and the scope of discovery and course of the proceedings will not change.

### D. Medcomp Has Adequately Pled a Claim for Patent Infringement.

Similarly, Bard's attack on Medcomp's infringement counterclaim fails. Under Rule 8(a), and the requirements of Form 18, as interpreted by the Federal Circuit, the allegations in the Counterclaims are more than sufficient at this stage in the proceeding. Medcomp's infringement counterclaim: (1) contains individualized allegations against Bard (*see, e.g.*, Counterclaims at ¶¶ 40-42); (2) describes the patent that has been infringed (*see, e.g.*, Complaint at ¶¶ 41-42); (3) alleges how such infringement occurred (*see, e.g.*, Complaint at ¶ 42 ("Bard has infringed . . . the '324 patent by making, using, selling, offering for sale within the United States, and/or importing into the United States, products that are covered by one or more claims of the '324 patent . . . .")); and (4) identifies an instrumentality alleged to be infringing (*see, e.g.*, Complaint at ¶ 42 ("Such products include venous access ports with x-ray discernable indicia including, for example, PowerPort MRI Implantable Port, PowerPort isp MRI Implantable Port, PowerPort duo MRI Implantable Port.")).

With these facts, as Bard implicitly concedes by not challenging the infringement counterclaim in its entirety, Medcomp's Count 3 sufficiently pleads a claim for patent infringement. Medcomp's claim for willful infringement is not itself a "claim" subject to dismissal under Rule 12(b)(6) but rather relates only to the damages available should Bard be found liable. *See Veto Pro Pac, LLC v. Custom Leathercraft Mfg. Co.*, 2009 U.S. Dist. LEXIS 8601, *12 (D. Conn. Feb. 5, 2009) (assertion of willfulness "is derivative of other claims and

5

therefore not a 'claim' that can be dismissed under Fed. R. Civ. P. 12(b)(6)"). Accordingly, the Court should deny Bard's motion to dismiss Count 3 of Medcomp's Counterclaims.

### E. In the Alternative, Medcomp Requests Leave to Amend its Counterclaims.

Medcomp believes that its counterclaims meet the Federal Rule's pleading requirements. Nonetheless, should the Court decide that Medcomp's counterclaims are deficient and grant Bard's motion, in whole or in part, Medcomp respectfully requests leave to amend its counterclaims and address any such deficiencies.

### III. CONCLUSION

Medcomp has adequately pled counterclaims for both invalidity and for infringement pursuant to the requirements of the Federal Rules. Medcomp's short and plain statements of its basis for relief comply with the type of pleading required for patent cases as set forth in Form 18, which Rule 84 specifies is sufficient. Moreover, Medcomp's assertion of willful infringement is not a "claim" subject to dismissal under Rule 12. For these reasons, the Court should deny Bard's motion. Alternatively, should the Court grant Bard's motion in whole or in part, Medcomp respectfully requests leave to amend its counterclaims in view of the Court's guidance.

Dated: May 31, 2012            **BLANK ROME LLP**

                               By: /s/ Joel L. Dion
                                   Alfred W. Zaher
                                   Bruce D. George
                                   Joel L. Dion
                                   One Logan Square
                                   130 North 18th Street
                                   Philadelphia, Pennsylvania 19103
                                   (215) 569-5500

                                   Counsel for Defendant Medical
                                   Components, Inc.

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, May 31, 2012, I caused a copy of the foregoing Defendant's Opposition to Plaintiff's Motion to Dismiss Counterclaims to be served via ECF to:

>Bryon J. Benevento
>Kimberly Neville
>SNELL & WILMER LLP
>15 West South Temple, Suite 1200
>Salt Lake City, Utah 84101-1004
>bbenevento@swlaw.com
>kneville@swlaw.com

>Steven C. Cherny
>KIRKLAND & ELLIS, LLP
>601 Lexington Avenue
>New York, New York 10022
>steven.cherny@kirkland.com
>leslie.schmidt@kirkland.com

>Amanda Hollis
>Elizabeth A. Cutri
>KIRKLAND & ELLIS, LLP
>300 North LaSalle
>Chicago, Illinois 60654
>amanda.hollis@kirkland.com
>elizabeth.cutri@kirkland.com

    /s/ Joel L. Dion
    Joel L. Dion, Esq.

125708.00604/12204895v.1