**DURHAM JONES & PINEGAR P.C.**
J. Mark Gibb (5702)
mgibb@djplaw.com
111 East Broadway, Suite 900
Salt Lake City, Utah 84111
Tel: (801) 415-3000
Fax: (801) 415-3500

**BLANK ROME LLP**
Alfred W. Zaher (pro hac vice)
Bruce D. George (pro hac vice)
Joel L. Dion (pro hac vice)
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103-6998
(215) 569-5500

*Attorneys for Defendant Medical Components Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **C.R. BARD, INC.,** )<br>)<br>  **Plaintiff,** )<br>)<br>  v. )<br>)<br>**MEDICAL COMPONENTS, INC.,** )<br>)<br>  **Defendant.** )<br>) | **Case No. 2:12-cv-32-TS-EJF** |

## TABLE OF CONTENTS

I. ARGUMENT ........................................................................................................................1

    A. Inconvenience and Prejudice to the Defendants Outweigh Benefits of Consolidation ...............................................................................................................2

        1. The Defendants and the Accused Devices Are Not the Same .....................2

        2. Claim Construction Will Likely Not Benefit from a Consolidated Action .4

        3. Consolidated Claim Construction Will Prejudice Medcomp .......................5

        4. Consolidated Discovery Will Likely Not Benefit from a Consolidated Action and Will Benefit the Plaintiff While Prejudicing the Defendants ....5

        5. Consolidated Discovery Will Prejudice Medcomp .....................................6

        6. Consolidation will Prejudice Medcomp because it is Pursuing a Different Schedule than the Other Defendants ............................................................6

        7. Conclusion Regarding Weighing Inconvenience and Prejudice to the Defendants Against Benefits of Consolidation ............................................7

II. CONSOLIDATION SHOULD NOT BE GRANTED NOW AS IT OPERATES AS AN END RUN AROUND THE AMERICA INVENTS ACT ..................................................7

III. CONSOLIDATION SHOULD NOT BE GRANTED NOW WHERE BIFURCATION IS LIKELY LATER ................................................................................................................9

IV. CONCLUSION ..................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Adams & Assocs., LLC v. Dell Inc.,
   2008 U.S. Dist. LEXIS 5238 (D. Utah Jan. 23, 2008)..................................................2

Balivi Chem. Corp. v. JMC Ventilation Refrigeration, LLC,
   2008 U.S. Dist. LEXIS 2151 (D. Idaho, Jan. 10, 2008) ................................................2

Body Science LLC v. Boston Scientific Corporation,
   2012 U.S. Dist. LEXIS 30948 (N.D. Ill. Mar. 6, 2012).......................................2, 3, 5

Hasman v. G.D. Searle & Co.,
   105 F.R.D. 459 (E.D. Mich. 1985) ...............................................................................2

Huene v. United States,
   743 F.2d 703 (9th Cir. 1984) ........................................................................................1

Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.,
   877 F.2d 777 (9th Cir. 1989) ........................................................................................1

Leeds v. Matrixx Initiatives, Inc.,
   2012 U.S. Dist. LEXIS 47279 (D. Utah Apr. 2, 2012)........................................2, 3, 4

Retractable Techs. v. Becton, Dickinson & Co.,
   659 F.3d 1369 (Fed. Cir. 2011).....................................................................................5

Rudd v. Lux Products Corp.,
   2011 U.S. Dist. LEXIS 4804 (N.D. Ill. Jan. 12, 2011) ..............................................5, 8

Ruud Lighting, Inc. v. Cooper Lighting, LLC,
   2011 U.S. Dist. LEXIS 142442 (E.D. Wisc. Dec. 8, 2011)..........................................2

Single Chip Systems Corp. v. Intermec IP Corp.,
   495 F. Supp. 2d 1052 (S.D. Cal. May 21, 2007) ..........................................................1

**STATUTES**

35 U.S.C. § 299.........................................................................................................1, 7, 8, 9

125708.00604/12208591v.1

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO CONSOLIDATE**

Defendant Medical Components, Inc. ("Medcomp") hereby opposes the Motion for Pre-Trial Consolidation of Related Cases Pursuant to Fed. R. Civ. P. 42(a) ("Motion to Consolidate") filed by Plaintiff C.R. Bard, Inc. ("Bard").

Bard filed its Motion to Consolidate in an attempt to consolidate this action (the "*Medcomp* action") with Civil Action No. 2:12-cv-00035 (the "*AngioDynamics* action") naming AngioDynamics, Inc. ("AngioDynamics") as a defendant and with Civil Action No. 2:12-cv-00036 (the "*Smiths Medical* action") naming Smiths Medical ASD, Inc. ("Smiths Medical") as a defendant (collectively "the Actions" and the "Companies," respectively). The Court should deny Plaintiff's Motion to Consolidate on the basis that: (1) consolidation will impede judicial efficiency and will inconvenience and prejudice the defendants; (2) consolidation will operate to subvert the intentions of the Leahy-Smith America Invents Act[1] ("the AIA"); and (3) the AIA will require bifurcation of the consolidated action for trial.

**I.   ARGUMENT**

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions that "involve a common question of law or fact." Courts have broad discretion to consolidate actions under this rule.[2] If a court determines that there is a common question of law or fact, the court "then must 'weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay or expense that it would cause.' "[3] Factors weighing against consolidation include the following: (1) predomination of issues individual to the parties over issues common

---

[1] Public Law 112-29, Sept. 16, 2011.
[2] Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). As discussed below, the ability of courts to consolidate actions for trial has been limited by 35 U.S.C. § 299, which was added by Section 19 of the AIA.
[3] Single Chip Systems Corp. v. Intermec IP Corp., 495 F. Supp. 2d 1052, 1057 (S.D. Cal. May 21, 2007) (*quoting* Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984)).

1

to the parties;[4] (2) different schedules of the actions;[5] and (3) whether there will be different documents, technical drawings, and witnesses produced.[6] The burden is on the moving party to show that consolidation is proper.[7]

### A. Inconvenience and Prejudice to the Defendants Outweigh Benefits of Consolidation

Consolidation is improper because any benefits resulting therefrom are speculative and are outweighed by the increased burden on the Court and by the inconvenience and prejudice to the defendants that would result from a consolidated action. The Companies in the Actions are different unrelated companies, and the products implicated in the Actions are different. Because of these differences, efficiencies resulting from consolidated claim construction and discovery are at best speculative and, for the reasons set forth below, consolidation will likely burden the Court and inconvenience and prejudice the defendants. Thus, the court should exercise its discretion in declining consolidation at this time.

#### 1. The Defendants and the Accused Devices Are Not the Same

The fact that defendants in actions sought to be joined are different companies operates against judicial economy or efficiency in a consolidated action.[8] In the present action, Medcomp is not the same company as AngioDynamics or Smiths Medical and has no legal ownership

---

[4] Leeds v. Matrixx Initiatives, Inc., 2012 U.S. Dist. LEXIS 47279, at *4 (D. Utah Apr. 2, 2012) (*citing* Hasman v. G.D. Searle & Co., 105 F.R.D. 459, 461 (E.D. Mich. 1985)), attached as Exhibit A.
[5] Ruud Lighting, Inc. v. Cooper Lighting, LLC, 2011 U.S. Dist. LEXIS 142442, at *6 (E.D. Wisc. Dec. 8, 2011), attached as Exhibit B.
[6] Body Science LLC v. Boston Scientific Corporation, 2012 U.S. Dist. LEXIS 30948, at *20 (N.D. Ill. Mar. 6, 2012), attached as Exhibit C.
[7] Leeds v. Matrixx Initiatives, Inc., 2012 U.S. Dist. LEXIS 47279, at *3 (D.Utah Apr. 12, 2012) (citing Phillip M. Adams & Assocs., LLC v. Dell Inc., 2008 U.S. Dist. LEXIS 5238, at *2 (D. Utah Jan. 23, 2008), attached as Exhibit D), attached as Exhibit A; Balivi Chem. Corp. v. JMC Ventilation Refrigeration, LLC, 2008 U.S. Dist. LEXIS 2151, at **2-3 (D. Idaho, Jan. 10, 2008), attached as Exhibit E. ("The party seeking consolidation bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice.").
[8] Body Science LLC v. Boston Scientific Corporation, 2012 U.S. Dist. LEXIS 30948, at *20 (N.D. Ill. 2012), attached as Exhibit C.

2

relationship with either of them. In fact, these companies are competitors with respect to the devices for which they are accused of patent infringement by Bard in the Actions.

The fact that the products implicated in patent-infringement actions are different also operates against judicial economy or efficiency in a consolidated action.[9] The products sold by Medcomp, AngioDynamics, and Smiths implicated by Bard in the Actions are not the same products.[10] Medcomp sells implantable ports known as "Pro-Fuse CT Port," "Dignity CT Port," and "Dignity Mini Port"[11]; AngioDynamics sells implantable ports known as "Smart Port"[12]; and Smiths Medical sells implantable ports known as "PORT-A-CATH" and "PAS PORT Power PAC"[13] (collectively the "Implicated Products"). Although Bard asserts that these products are the "same types" or are "similar[]",[14] Bard's Motion to Consolidate, specifically the table provided on page 7 thereof, identifies that the implantable ports sold by Medcomp, AngioDynamics, and Smiths Medical are not the same implantable port.[15]

Because Medcomp, AngioDynamics, and Smiths Medical are different companies and because the Implicated Products are not the same, these factors weigh against consolidation.[16] As discussed in further detail below, the fact that the Companies and the Implicated Products are different will lead to individual issues pertaining to claim construction, discovery, and infringement dominating the pre-trail phase of the Actions.[17] Thus, any benefits from consolidation are speculative at this time.

---

[9] Id.
[10] Docket No. 43, pp. 6-7.
[11] Docket No. 2, p. 3; Docket No. 43, p. 7.
[12] *AngioDynamics* action, Docket No. 2, p. 3.
[13] *Smiths Medical* action, Docket No. 2, p. 3.
[14] Docket No. 2, p. 6.
[15] Docket No. 2, p. 7.
[16] Body Science LLC v. Boston Scientific Corporation, 2012 U.S. Dist. LEXIS 30948, at *20 (N.D. Ill. 2012), attached as Exhibit C.
[17] See Leeds v. Matrixx Initiatives, Inc., 2012 U.S. Dist. LEXIS 47279, at *7 (D. Utah Apr. 2, 2012), attached as Exhibit A.

3

### 2. Claim Construction Will Likely Not Benefit from a Consolidated Action

Each defendant in a consolidated action will submit proposed claim terms for construction in the pretrial claim-construction phase. Further, each party will file briefing in support of its proposed constructions. Because the implicated products are different, it is likely that the defendants in a consolidated action will submit different claim terms to the Court for construction. Consolidation will not reduce the number of briefs the Court will review and may not reduce the number of claim terms to be construed. Thus, the benefits to the Court from consolidating for claim construction are merely speculative and will likely not materialize.

Claim construction is an important component of invalidity and infringement analyses. Because the Companies manufacture different Implicated Devices and because their proffered claim constructions will likely differ, their infringement analyses will also likely differ. Further, it is likely that the Companies will offer different prior art in their defenses of patent invalidity. Thus, although Bard has asserted the same three patents against Medcomp and AngioDynamics and because two of those three patents are asserted against Smiths Medical, because of the likely differences in claim constructions and infringement and invalidity analyses, individual issues will likely dominate over any common issues. Where individual issues predominate over common issues, "consolidation should be denied."[18] Thus, the Court should deny consolidation.

Additionally, separate claim construction hearings in the Actions would require only minimal additional judicial resources. The Court may appoint the same Special Master for claim construction in the three Actions and make take the claim construction reports under advisement in the same way that it would do so in a consolidate action. Having the same Special Master for claim construction in the three Actions will likely lead to consistent claim constructions.

---

[18] Id. at *4.

4

### 3.  Consolidated Claim Construction Will Prejudice Medcomp

True efficiencies from consolidating the actions during the claim construction phase would only be achieved if the number of claim terms to be construed by the court would be less than the total in the three actions if they remained separate.  Limiting the number of claim terms, however, would prejudice Medcomp as claim construction is one of the most important aspects of patent litigation.[19]

Thus, the efficiencies resulting from consolidating the actions for claim construction are speculative at best, and efficiencies might only be created by prejudicing the defendants in a consolidated action.

### 4.  Consolidated Discovery Will Likely Not Benefit from a Consolidated Action and Will Benefit the Plaintiff While Prejudicing the Defendants

Because the Implicated Products are different, discovery will not be simplified through consolidation of the Actions.[20]  Medcomp designed, developed, and manufactures its Implicated Products independently of AngioDynamics and Smiths Medical.  The documents, technical drawings, and witnesses it will produce during discovery will necessarily differ from those produced by AngioDynamics and Smiths Medical.  Thus, production of such documents in one consolidated action will not promote judicial efficiency.[21]

Because the Companies and Implicated Products are not the same, the witnesses that Medcomp will produce will not be the same as those produced by AngioDynamics and Smiths

---

[19] Retractable Techs. v. Becton, Dickinson & Co., 659 F.3d 1369, 1370 (Fed. Cir. 2011) (dissent from rehearing en banc) ("Claim construction is the single most important event in the course of a patent litigation. It defines the scope of the property right being enforced, and is often the difference between infringement and non-infringement, or validity and invalidity.").

[20] Rudd v. Lux Products Corp., 2011 U.S. Dist. LEXIS 4804, at *12 (N.D. Ill. Jan. 12, 2011) (stating that "because Defendants are unrelated entities there will be different documents and technical drawings solicited"), attached as Exhibit F.

[21] See id. (contrasting plaintiff's emphasis that "consolidation will promote judicial efficiency" with the fact that "there will be different documents and technical drawings solicited"); Body Science LLC v. Boston Scientific Corporation, 2012 U.S. Dist. LEXIS 30948, at *20 (N.D. Ill. 2012) (holding that the "Court finds that consolidation will not promote judicial economy or efficiency" and noting that "[t]here will undoubtedly be different documents, technical drawings, and witnesses solicited from each Defendant"), attached as Exhibit C.

5

Medical. Further, the Companies may not request depositions with the same parties produced by Bard, and they may request Federal Rule of Civil Procedure 30(b)(6) depositions with different parties. Thus, for reasons similar to those discussed above with respect to document production, production of witnesses in one consolidated action will not promote judicial efficiency.

### 5. Consolidated Discovery Will Prejudice Medcomp

Consolidated Discovery will burden Medcomp and prejudice its ability to defend itself. Consolidating the cases into one action will greatly burden Medcomp at it will need to coordinate and attend the depositions of witnesses produced by AngioDynamics and Smiths. Additionally, consolidated discovery will prejudice Medcomp as it will be forced to share deposition time with the other Companies, if time savings are to be realized from consolidated discovery. Further, for there to be efficiencies from briefing, page limits for briefs would have to be limited, which would also act to prejudice Medcomp. If deposition time is not shared and page limits on briefs are not imposed, then the benefits to judicial efficiency will not be realized.

Thus, efficiencies in discovery might only be created by prejudicing the defendants in a consolidated action.

### 6. Consolidation will Prejudice Medcomp because it is Pursuing a Different Schedule than the Other Defendants

Smiths and Bard have already agreed to a schedule. Medcomp and Bard have not. Medcomp proposed that the parties exchange infringement and invalidity contentions, and that dates after the claim construction hearing be tied to the claim construction order. Bard has not agreed to Medcomp's proposals. If the cases are consolidated, they must proceed on the same schedule. Forcing Medcomp to agree to the schedule already set by Smiths and Bard would prejudice Medcomp's ability to proceed on the schedule it believes is most beneficial to its case.

6

### 7. Conclusion Regarding Weighing Inconvenience and Prejudice to the Defendants Against Benefits of Consolidation

In view of the foregoing, the benefits to judicial economy from consolidation are either speculative or do not exist. To the extent that judicial economies might be guaranteed, such economies would be at the expense of burdening and prejudicing Medcomp. Furthermore, individual issues will likely dominate the claim construction and discovery phases. Accordingly, Medcomp respectfully requests that the Court exercise its discretion by denying Bard's Motion to Consolidate.

## II. CONSOLIDATION SHOULD NOT BE GRANTED NOW AS IT OPERATES AS AN END RUN AROUND THE AMERICA INVENTS ACT

Federal Rule of Civil Procedure 20(a)(2) provides that "parties **may** be joined in one action as defendants" if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."

The AIA limits the circumstances in which parties may be joined in one patent-infringement action. Specifically, the AIA codified into law in 35 U.S.C. § 299 the requirements for joinder of defendants in patent infringement actions. Pursuant to 35 U.S.C. § 299, "parties that are accused infringers may be joined in one action as defendants…**only if**—(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences **relating to the making, using, importing into the United States, offering for sale, or selling of the**

7

**same accused product or process**; and (2) **questions of fact common to all defendants** or counterclaim defendants will arise in the action."[22]

35 U.S.C. § 299(a) limits joinder practice in patent infringement actions in two ways. First, the right to relief must relate "to the making, using, importing into the United States, offering for sale, or selling **of the same accused product or process**." (Emphasis added.) Second, common issues of law are no longer relevant for determining whether joinder is permitted. In fact, 35 U.S.C. § 299(b) explicitly prohibits joinder on the sole basis of infringement of the same patent: "For purposes of this subsection, accused infringers **may not be joined in one action as defendants** or counterclaim defendants, or have their actions consolidated for trial, **based solely on allegations that they each have infringed the patent or patents in suit**." (Emphasis added.)

Because of the limitations on joinder imposed by 35 U.S.C. § 299(a), Bard was unable to join Medcomp, AngioDynamics, and Smiths Medical in a single action. As discussed above, Medcomp, AngioDynamics, and Smiths Medical each manufacture different products accused by Bard of infringement in the Actions. Thus, 35 U.S.C. § 299(a) forbids the joinder of the Companies in the same action.

Bard now seeks use to use a procedural rule, namely consolidation, to accomplish what the law explicitly forbids it from doing via joinder. By doing so, Bard treats the joinder provisions of 35 U.S.C. § 299(a) as having no real legal significance. Thus, because Bard seeks to render the joiner provisions of 35 U.S.C. § 299(a) toothless, Medcomp respectfully requests that the Court exercise its discretion by denying Bard's Motion to Consolidate.[23]

---

[22] 35 U.S.C. § 299(a).
[23] See Rudd v. Lux Products Corp., 2011 U.S. Dist. LEXIS 4804, *12 (N.D. Ill. Jan. 12, 2011) (declining to consolidate cases where defendant in one of the cases had already been misjoined with the other of the cases), attached as Exhibit F.

8

### III.  CONSOLIDATION SHOULD NOT BE GRANTED NOW WHERE BIFURCATION IS LIKELY LATER

Under Federal Rule of Civil Procedure 42(a)(1), a trial court may consolidate matters at issue in actions that involve a common question of law or fact.  As discussed above, courts have discretion in deciding whether to consolidate actions, but such discretion has been limited by 35 U.S.C. § 299.

In addition to limiting joinder, 35 U.S.C. § 299(a) also limits consolidating actions for trial.  Specifically, "parties that are accused infringers may…have their actions consolidated for trial **only if**—(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences **relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process**; and (2) **questions of fact common to all defendants** or counterclaim defendants will arise in the action."  35 U.S.C. § 299(a) (emphasis added).  The restrictions on consolidation for trial are the same as those for joinder.[24]

As discussed above, Medcomp, AngioDynamics, and Smiths Medical each manufacture different products accused by Bard of infringement in the Actions.  Thus, for the same reasons 35 U.S.C. § 299(a) forbids joinder of the Companies in one action, it also forbids the consolidation of the Actions for trial.  Even if consolidation is granted now, bifurcation might properly be sought and granted later pursuant to 35 U.S.C. § 299(a) and Federal Rule of Civil Procedure 42(b).  Consolidation now unnecessarily complicates this action, and for this additional reason, Medcomp respectfully requests that the Court exercise its discretion by denying Bard's Motion to Consolidate.

---

[24] 35 U.S.C. § 299(a)-(b).

9

## IV. CONCLUSION

In view of the foregoing, the benefits to judicial economy from consolidation are either speculative or do not exist. To the extent that judicial economies might be guaranteed, such economies would be at the expense of burdening and prejudicing Medcomp. Further, consolidation would contravene the intentions of the AIA and will require bifurcation for trial. Thus, for these reasons, the Court should deny Bard's Motion to Consolidate.


Dated: June 7, 2012

                                               **BLANK ROME LLP**

                                   By: s/ Joel L. Dion
                                       Alfred W. Zaher
                                       Bruce D. George
                                       Joel L. Dion
                                       One Logan Square
                                       130 North 18th Street
                                       Philadelphia, Pennsylvania 19103
                                       (215) 569-5500

                                       Counsel for Defendant Medical
                                       Components, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, June 7, 2012, I caused a copy of the foregoing Defendant's Opposition to Plaintiff's Motion to Consolidate to be served via ECF to:

> Bryon J. Benevento
> Kimberly Neville
> SNELL & WILMER LLP
> 15 West South Temple, Suite 1200
> Salt Lake City, Utah 84101-1004
> bbenevento@swlaw.com
> kneville@swlaw.com
>
> Steven C. Cherny
> KIRKLAND & ELLIS, LLP
> 601 Lexington Avenue
> New York, New York 10022
> steven.cherny@kirkland.com
> leslie.schmidt@kirkland.com
>
> Amanda Hollis
> Elizabeth A. Cutri
> KIRKLAND & ELLIS, LLP
> 300 North LaSalle
> Chicago, Illinois 60654
> amanda.hollis@kirkland.com
> elizabeth.cutri@kirkland.com

                                            s/ Joel L. Dion
                                            Joel L. Dion, Esq.