IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| C.R. BARD, INC., a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL COMPONENTS, INC., a Pennsylvania corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No.  2:12-cv-00032-TS-EJF<br><br>Chief Judge Ted Stewart<br>Magistrate Judge Evelyn J. Furse |

Chief District Judge Ted Stewart referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the Court is Plaintiff C.R. Bard, Inc.'s ("Bard") Motion for Pre-Trial Consolidation of Related Cases Pursuant to Fed. R. Civ. P. 42(a).[2] The Court has carefully reviewed the motion and memoranda submitted by the parties.  For the reasons set forth below, Bard's motion is DENIED.  The Court will reconsider whether to consolidate for purposes of claim construction at a later time, as set forth below, and will separately enter new scheduling orders with identical deadlines for each case.

## BACKGROUND

Bard filed the instant motion seeking to consolidate for pre-trial purposes related cases alleging patent infringement it filed against three separate defendants, Medical Components, Inc. ("Medcomp"), AngioDynamics, Inc., ("AngioDynamics"), and Smiths Medical ASD, Inc.,

---

[1] *See* docket no. 31.

[2] *See* docket no. 42.

("Smiths") (collectively, the "Defendants").[3]  In these cases, Bard alleges that all three Defendants have infringed two Bard patents, and that two of the three Defendants, Medcomp and AngioDynamics, have infringed a third Bard patent.

In support of its motion, Bard argues that these cases warrant pre-trial consolidation because: (1) the cases involve the same patents and present common questions of law and fact; (2) pre-trial consolidation would "avoid substantial duplication of labor, unnecessary costs, and the potential for inconsistent rulings"; and (3) the benefits of pre-trial consolidation "are clear, and no alleged disadvantage outweighs those benefits."[4]  The Defendants raise many similar arguments and concerns in opposing pre-trial consolidation.  By way of brief, non-exhaustive summary, Defendants oppose pre-trial consolidation because: (1) consolidation will reduce efficiency because Defendants and their products are not identical, Defendants may take different positions on discovery issues, claim construction, etc., and Defendants will have different witnesses and document productions; (2) that Defendants are competitors and may have to provide sensitive information will complicate discovery; and (3) pre-trial consolidation would violate the spirit of the America Invents Act ("AIA"), codified at 35 U.S.C. § 299.

## ANALYSIS

### I. America Invents Act

As an initial matter, the Court notes that the America Invents Act remains silent on *pre-trial consolidation*.  *See* 35 U.S.C. § 299 (2011).  As such, the AIA does not affect the authority of a court to order pre-trial consolidation of related patent cases.  *See In re Bear Creek Techs., Inc., ('722) Patent Litigation*, MDL No. 2344, 2012 WL 1523340, at *2 (J.P.M.L. May 2, 2012)

---

[3] *C.R. Bard, Inc. v. Medical Components, Inc.*, Case No. 2:12-cv-00032; *C.R. Bard, Inc. v. AngioDynamics, Inc.*, Case No. 2:12-cv-00035; and *C.R. Bard, Inc. v. Smiths Medical ASD, Inc.*, Case No. 2:12-cv-00036 (collectively, the "Cases").

[4] Docket no. 43.

(finding that the AIA did not alter the Panel's "authority to order pretrial centralization"); *In re World Wide Medical Tech. LLC*, Nos. 4:11-cv-614, 4:12-cv-170, 2012 WL 1252423, at *1 (N.D. Fla. April 13, 2012) (consolidating patent cases for pretrial matters). This Court does not view consolidation in these cases as violative of the spirit of the AIA.

## II. Consolidation under Federal Rule of Civil Procedure 42(a)

Rule 42(a) of the Federal Rules of Civil Procedure states that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Civil rule 42-1 of the United States District Court for the District of Utah Rules of Practice allows for consolidation of multiple cases in certain circumstances. *See* DUCivR 42-1. While a court may exercise its discretion to order pre-trial consolidation of cases involving patent disputes with common questions of law or fact, *see Phillip M. Adams & Assocs., LLC v. Dell Inc.*, Nos. 1:05-cv-64, 2:07-cv-422, 2008 WL 203316 (D. Utah Jan. 23, 2008), it need not do so where it finds insufficient justification, *see Rudd v. Lux Prods. Corp.*, No. 09-cv-6957, 2011 WL 148052, at *4 (N.D. Ill. Jan. 12, 2011).

Here, Bard alleges that all three Defendants have infringed the same two Bard patents and that two of the Defendants have infringed the same third Bard patent. Defendants do, however, constitute separate entities and market competitors each producing separate products. While some questions of law and fact related to these allegations may likely overlap, at this stage of the litigations the extent of any overlap remains largely speculative. Further, these issues will not likely predominate. The Court does not think pre-trial consolidation of the Cases will promote judicial economy or efficiency. Rather, the Court finds Defendants' arguments against pre-trial consolidation persuasive at this point in the Cases. To ameliorate some of the concerns

expressed by Plaintiff, the Court will enter identical scheduling orders in each of the three cases by separate order. As discovery progresses, however, facts may develop weighing in favor of pre-trial consolidation for the limited purpose of claim construction.

## CONCLUSION

Based on the above analysis, Plaintiff's motion to consolidate the Cases for pre-trial purposes is DENIED. The Court will reconsider whether to consolidate the Cases for purposes of claim construction at a hearing to be held on November 2, 2012, with simultaneous supplemental briefing due from all parties on or before October 26, 2012. The Court will enter new scheduling orders with identical deadlines for each case shortly.

**IT IS SO ORDERED.**

DATED this 25th day of July, 2012.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge