IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| C.R. BARD, INC., a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL COMPONENTS, INC., a Pennsylvania corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL STAY (Docket No. 79)**<br><br>Case No.  2:12-cv-00032-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

This Court previously ordered a stay of forty-five days in this case pending a decision from the United States Patent and Trademark Office ("USPTO") on requests for *inter partes* reexamination of U.S. Patent No. 7,785,302, U.S. Patent No. 7,947,022, and U.S. Patent No. 7,959,615 (collectively, the "Bard patents-in-suit"). (Docket No. 78.) The USPTO has since granted the requests for reexamination of all of the Bard patents-in-suit.

Defendant Medical Components, Inc. ("Medcomp") now moves this Court for a partial stay that would stay all of Bard's claims but allow Medcomp's counterclaim for infringement of one of its own patents (the "Medcomp patent-in-suit") to continue. The Court carefully reviewed the Motion and Memoranda and heard arguments from the parties on December 3, 2012.

The Court hereby stays this case in its entirety, including Medcomp's counterclaim, because (1) the stay may simplify the issues in this case; (2) the case is in the early stages of discovery, and no trial date has been set; (3) Medcomp has not shown that it would be unduly prejudiced by the stay; and (4) Congress intended for courts to defer to the USPTO on questions of patent validity.

## DISCUSSION

Both parties favor a stay of Bard's claims. The parties disagree over whether the Court should also stay Medcomp's infringement counterclaim on the Medcomp patent-in-suit, which is not currently subject to reexamination by the USPTO. Bard opposes entry of a partial stay that would apply to its claims but allow Medcomp's infringement counterclaim to proceed.

### A. Legal Standard

"Courts have inherent power to manage their dockets and stay proceedings . . . including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted); *see also Buttercup Legacy LLC v. Michilin Prosperity Co., Ltd.*, No. 2:11-CV-262 TS, 2012 WL 1493947, at *1 (D. Utah Apr. 27, 2012) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)).

A court weighs the following factors when deciding whether to stay litigation pending reexamination by the USPTO: "(1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Buttercup*, 2012 WL 1493947, at *1 (citation omitted).

### B. Analysis

#### 1. Simplify Issues

Numerous "[c]ourts have recognized that the reexamination process is beneficial in the 'simplification of litigation that might result from the cancellation, clarification, or limitation of claims, and, even if the reexamination did not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court.'" *Icon Health & Fitness, Inc. v. Park City Entm't, Inc.*, No. 1:10-CV-195 DAK, 2011 WL 5239733, at *2 (D. Utah Nov. 1, 2011) (quoting

*Ethicon*, 849 F.2d at 1428); *see also In re Cygnus Telecomm. Tech., LLC,* 385 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (noting that reexamination may provide "a richer prosecution history upon which to base necessary claim construction determinations or reconsideration") (citation omitted).

In addition to granting the requests for reexamination of all three Bard patents-in-suit, the USPTO issued Office actions rejecting all but one of the claims of the Bard patents-in-suit. If the USPTO cancels any of the claims asserted in the Bard patents-in-suit, issues that Bard may have raised in this court might no longer exist. For any claims that survive reexamination, the outcome of the reexamination may significantly narrow issues of claim construction, validity, and infringement.

Medcomp argues that these potential benefits do not apply to a stay of its infringement counterclaim because the Medcomp patent-in-suit is not under reexamination. However, Medcomp acknowledged the relatedness of its patent to the Bard patents by listing them as prior art to the Medcomp patent-in-suit. Further, all of the patents at issue here share similar claim terms and similar prior art. Accordingly, the USPTO's actions concerning the Bard patents-in-suit may narrow issues relevant to Medcomp's counterclaim.

2. **Case Status**

This case is still in the very early stages of discovery. The Court has set no trial dates. The early stage of the litigation favors granting the stay. *See, e.g., Buttercup*, 2012 WL 1493947, at *1.

3. **Prejudice or Tactical Disadvantage**

Medcomp essentially argues that the delay in reaching resolution of its counterclaim amounts to undue prejudice because Bard will continue selling alleged infringing products, and

thus the Court should not stay its counterclaim.  Medcomp, however, has presented no evidence that a stay of its counterclaim would cause it harm that Bard could not compensate it for, either practically or theoretically.  Nor has Medcomp shown it would suffer any tactical disadvantage.  Accordingly, the Court finds that this delay, while perhaps not desirable, does not preclude entry of a stay on Medcomp's counterclaim.

### 4. Congressional Preference

In creating the reexamination process, Congress intended that reexamination "permit efficient resolution of questions about the validity of issued patents without recourse to expensive and lengthy infringement litigation."  H.R. Rep. 96-1307(I), at 3-4 (1980), *reprinted in* 1980 U.S.C.C.A.N. 6460, 6462; *see also Bausch & Lomb Inc. v. Rexall Sundown, Inc.*, 554 F. Supp. 2d 386, 389 (W.D.N.Y. 2008) (noting that reexamination was intended to "provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts") (quotation omitted).  Courts have recognized that one of the "anticipated benefits of the reexamination process . . . [was] to 'allow courts to refer patent validity questions to the expertise of the Patent Office.' " *Teles AG v. Kappos*, 846 F. Supp. 2d 102, 104 (D.D.C. 2012) (quoting *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 602 (Fed. Cir. 1985)).  Where practical, and especially where litigation remains in its early stages, courts should defer determination of patent validity to the USPTO.  *Bausch & Lomb*, 554 F. Supp. 2d at 389 (citation omitted).

Given the early stage of discovery in this case, this Court finds entry of a stay to allow the USPTO to determine the validity of the Bard patents-in-suit both proper and indeed preferable.  Though the Medcomp patent-in-suit is not currently undergoing reexamination by

the USPTO, the Court finds it may benefit from the USPTO's findings on the Bard patents-in-suit, given the similarities shared by the Bard and Medcomp patents at issue.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Partial Stay (Docket No. 79).  The Court grants the Motion to the extent it seeks a stay of the Bard claims and denies the Motion to the extent it seeks to exclude Medcomp's infringement counterclaim from the stay.

The Court **HEREBY STAYS** the case in its entirety, including Medcomp's infringement counterclaim against Bard, until such time as the USPTO has issued final rulings on its reexamination of the Bard patents-in-suit.  The **CLERK OF COURT** will administratively close the case.  This case may be reopened by motion upon the completion of *inter partes* reexamination proceedings by the USPTO.

The Court **FURTHER ORDERS** the parties to submit status reports to the Court every six months starting from the date of this Order's entry.

SO ORDERED this 14th day of December, 2012.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge

5