UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| C.R. BARD, INC., and BARD PERIPHERAL VASCULAR, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL COMPONENTS, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SHORT-FORM MOTION TO COMPEL PLAINTIFFS' RULE 30(b)(6) DEPOSITION TESTIMONY (DOC. NO. 224)**<br><br>Case No. 2:12-cv-00032-RJS-DAO<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Defendant Medical Components, Inc.'s ("MedComp") Short-Form Motion to Compel Plaintiffs' Rule 30(b)(6) Deposition Testimony ("Mot.," Doc. No. 224). The court held a hearing on this motion on November 24, 2020. (Doc. No. 247.) After considering the arguments of the parties and upon review of the briefs and their accompanying exhibits, the court GRANTS IN PART and DENIES IN PART the motion for the reasons set forth below.

## BACKGROUND

The parties are currently involved in extensive, multi-action, patent litigation.[1] In 2012, C.R. Bard, Inc.[2] initiated this action ("Port I") against MedComp alleging MedComp was infringing three patents which C.R. Bard owned by assignment: the '022 patent; the '302 patent; and the '615 patent. (Am. Compl., Doc. No. 69.) In addition to Port I, Bard is involved in patent

---

[1] The court presumes an understanding of the relevant factual and procedural background and does not repeat it here except as otherwise relevant to this order.

[2] Bard Peripheral Vascular, Inc., was later added as co-plaintiff pursuant to the court's order on MedComp's Motion for Joinder of Parties. (Order Den. Mot. to Substitute Party and Granting Mot. for Joinder of Parties, Doc. No. 149.)

1

litigation in the District of Delaware, *C.R. Bard, Inc. & Bard Peripheral Vascular, Inc. v. AngioDynamics, Inc.*, Case No. 1:15-cv-00218 ("Port II"), which involves patents in the same family as those at issue here. (Order Concerning Produc. of Elec. Stored and Hard Copy Info. 1, Doc. No. 191.) Lastly, Bard and MedComp are also litigating issues involving the same patent family before Judge Nielson in the District of Utah, *C.R. Bard, Inc. v. Medical Components, Inc.*, 2:17-cv-00754 ("Port III"). (*Id.*)

Here, MedComp seeks Rule 30(6)(b) testimony from Plaintiffs C.R. Bard, Inc. ("C.R. Bard") and Bard Peripheral Vascular, Inc. (collectively, "Bard") on two topics.[3] (Mot., Doc. No. 224). Specifically, MedComp seeks testimony regarding the "[d]ifferences between patents claiming an access port identification feature" (Topic 12) and "[t]he dollar value, or percentage of sales price of each Bard Port Product, attributable to each patented feature of that Port Product" (Topic 19). (*Id.* at 1–2.)

## DISCUSSION

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, a party may name a corporation or other entity as a deponent for a deposition and must describe the matters for examination. Fed. R. Civ. P. 30(b)(6). The entity "must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf" and the corporate designees "must testify about information known or reasonably available to the organization." *Id.* However, a lay witness may only offer opinion testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the

---

[3] MedComp originally sought to compel testimony on three topics, however after the hearing the parties conferred further and reached a resolution regarding Topic 13. (Notice of Resolution in Part of MedComp's Mot. for Short Form Disc. to Compel Pl.'s Rule 30(b)(6) Test., Doc. No. 257.) Based on the parties' resolution, the court DENIES MedComp's motion to compel testimony as to Topic 13 as MOOT.

witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

### I.     Topic 12

In Topic 12, MedComp seeks testimony from Bard regarding the differences between patents claiming an access port identification feature. (Mot. 1, Doc. No. 224.) MedComp argues it is entitled to discover the factual basis for how Bard's patented identification claims asserted in the Port I case and the Port III case differ. (*Id.*) MedComp contends this testimony goes to the nature of the patented invention. (*Id.*)

However, Bard represented in the hearing that the relevant patents in Port III are all continuations of a single patent at issue in this case, Port I. (Doc. No. 247.) Bard argues the sole difference between the patents are the claims; thus, exploration of the differences between the patents necessarily implicates patent claim scope. (*Id.*; Bard's Opp'n to MedComp's Short Form Mot. to Compel Pl.'s Rule 30(b)(6) Test. ("Opp'n") 1, Doc. No. 240.) According to Bard, this is a legal question determined by the court, subject to the Local Patent Rules. (Opp'n 1, Doc. No. 240.) At the hearing, MedComp did not dispute Bard's claim about continuation patents, but argued Bard's inventors may have some factual information as to the patent claims. (Doc. No. 247.) MedComp is entitled to discovery establishing, as Bard represented during the hearing, that the only difference between the patents at issue are the claims.

Given the nature of the patents at issue, Topic 12, as written, does not seek just factual information regarding the differences between the Port I and Port III patents. Instead, it also seeks legal opinion into the differences in the claim scope of the patents. However, "[c]laim scope or construction is a question of law." *Tillotson, Ltd. v. Walbro Corp.*, 831 F.2d 1033, 1037 (Fed. Cir. 1987). As noted in this district, when discussing the use of a 30(b)(6)

3

deposition as opposed to an interrogatory, "[p]articularly in complex patent cases, contention interrogatories may provide a more appropriate vehicle for establishing facts underlying a party's legal position than a deposition under Rule 30(b)(6)," but ultimately it is a "case by case" determination.  *In re BRCA1-& BRCA2-Based Hereditary Cancer Test Patent Litig.*, No. 2:14-md-02510, 2014 WL 12600708, at *1 (D. Utah Nov. 19, 2014) (unpublished) (citations and internal quotations omitted).  The cases MedComp's cites are inapplicable because MedComp's written topic broadens the scope of the question outside the factual realm and into the realm of legal conclusions.  *See, e.g.*, *Ethicon Endo-Surgery v. Tyco Healthcare Grp. Lp*, No. 1:05-cv-0012, 2007 U.S. Dist. LEXIS 113220 (S.D. Ohio Mar. 22, 2007) (unpublished) (limiting 30(b)(6) testimony to prior factual representations).  Further, the Local Patent Rules provide that either party may move to reopen discovery after the court's the ruling on claim construction.  LPR 1.3(b).  It is not appropriate for a corporate designee to testify as to legal conclusions, particularly before briefing on claim construction.  (Scheduling Order, Doc. No. 183.)  If MedComp believes it needs additional discovery after the claim construction process is complete, it may, pursuant to the Local Patent Rules, move to reopen fact discovery at that time.  LPR 1.3(b).

      Therefore, the court GRANTS IN PART and DENIES IN PART MedComp's motion to compel Bard's testimony as to Topic 12.  The motion is denied insofar as it asks the court to compel the designation of a 30(b)(6) witness to testify as to the differences between the claim scopes.  However, the motion is granted insofar as the court finds MedComp is entitled to discovery establishing that the only difference between the patents at issue is the claims.  The court also orders the parties to meet and confer to determine whether MedComp can adequately

obtain evidence on this limited topic through more efficient means, such as interrogatories or requests for admission.

**II.  Topic 19**

MedComp's Topic 19 seeks "[t]he dollar value, or percentage of sales prices of each Bard Port Product, attributable to each patented feature of that Port Product." (Mot. 2, Doc. No. 224.) MedComp argues Topic 19 is relevant because a patentee must present reliable and tangible evidence to apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features. (*Id.*) At the hearing, MedComp argued it was seeking testimony regarding facts related to the topic, such as, for example, Bard's reactions to alterations to the identification features, changes in inventory, and changes in marketing. (Doc. No. 247.) Bard contends that because it does not allocate its prices across patented features, it has no corporate knowledge of this topic. (Opp'n 2, Doc. No. 240.) Bard agrees to sign a representation to this effect. (*Id.*) It further argues that apportionment, to determine royalty, is generally done by an expert. (*Id.* at n.1.)

MedComp cannot compel testimony on a topic if Bard has no corporate knowledge because it does not apportion its profits to specific patented features. Further, the examples MedComp provided of testimony it seeks related to this topic (such as inventory and marketing changes and reactions to identification feature alterations) simply do not fall within the scope of Topic 19, as written. If these areas of inquiry fall within a different designated topic, MedComp is entitled to seek discovery about Bard's general damages and pricing, from which it may then draw conclusions. Further, if Bard produces an expert on apportionment, MedComp is entitled to depose that expert or, if no expert is used, assert arguments based on a potential lack of damages evidence—subject to applicable rules. MedComp cannot, however,

compel 30(b)(6) testimony on the topic as written.  The court DENIES MedComp's motion to compel Bard's testimony as to Topic 19.

## **CONCLUSION**

Accordingly, for the above described reasons, the court GRANTS IN PART and DENIES IN PART MedComp's Motion to Compel Plaintiff's Rule 30(b)(6) Deposition Testimony (Doc. No. 224).

DATED this 22nd day of December, 2020.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge