Bryon J. Benevento (5254)
Kimberly Neville (9067)
DORSEY & WHITNEY LLP
111 S. Main Street Suite 2100
Salt Lake City, UT 84111-2176
Telephone: (801) 933-8951
Facsimile: (801) 933-7373
benevento.bryon@dorsey.com
neville.kimberly@dorsey.com

Steven C. Cherny (*pro hac vice*)
Matthew A. Traupman (*pro hac vice*)
Brian P. Biddinger (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
stevencherny@quinnemanuel.com
matthewtraupman@quinnemanuel.com
brianbiddinger@quinnemanuel.com

*Attorneys for Plaintiffs C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| C. R. BARD, INC., a New Jersey corporation, and BARD PERIPHERAL VASCULAR, INC., an Arizona corporation, <br><br> Plaintiffs, <br><br> v. <br><br> MEDICAL COMPONENTS, INC., a Pennsylvania corporation, <br><br> Defendant. | **BARD'S MOTION TO STRIKE MEDCOMP'S INEQUITABLE CONDUCT ALLEGATIONS IN ITS FINAL INVALIDITY CONTENTIONS** <br><br> Case No. 2:12-cv-00032-RJS-DAO <br><br> Judge Robert J. Shelby <br> Magistrate Judge Daphne A. Oberg |

Bard respectfully moves to strike MedComp's inequitable conduct allegations in its Final Invalidity Contentions. Inequitable conduct was, for many years, an overused defense that the Federal Circuit described as "plagu[ing] not only the courts but also the entire patent system." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1289 (Fed. Cir. 2011). To stem that "plague" the Federal Circuit has, among other things, required that inequitable conduct be pled "with the specificity required by Federal Rule of Civil Procedure 9(b)." *Quest Software, Inc. v. Centrify Corp.*, 2011 WL 5508820, at *1 (D. Utah Nov. 9, 2011).

Medcomp never pled inequitable conduct in this case, yet asserts it, for the first time, in invalidity contentions. *E.g.,* Ex. A at 44 ("This behavior should be held by this Court to be inequitable conduct…").[1] But because MedComp has not attempted to plead inequitable conduct[2], ***it is not part of this action***. *Radio Corp. of Am. v. Radio Station KYFM, Inc.*, 424 F.2d 14, 17 (10th Cir. 1970) ("If [] defenses are not affirmatively pleaded, asserted with a motion under Rule 12(b) or tried by…consent of the parties, [they] are deemed to have been waived and may not thereafter be considered as triable issues."). To the extent Medcomp wishes to assert inequitable conduct it must move to amend its answer, not use the Court's Local Patent Rules to evade this requirement.

MedComp knows inequitable conduct must be raised in a pleading; MedComp has tried (and failed) to plead inequitable conduct four times in Port III,[3] a related case involving patents from the same "family." As Judge Stewart stated in Port III, "[t]he standards for adequately

---

[1] MedComp's contentions use the heading "Unclean Hands" but throughout the body of the contentions, MedComp alleges "inequitable conduct."

[2] D.I. 207.

[3] *E.g.,* D.I. 40, 74, 114, 148, 264, 317, 533, 578.

pleading inequitable conduct are [] exacting" in that "the accused infringer must meet the strict pleading standards of fraud contained in Federal Rule of Civil Procedure 9(b)." *C.R. Bard, Inc. v. Medical Components, Inc.*, 2019 WL 1746309, at *2 (D. Utah April 18, 2019). Judge Stewart dismissed MedComp's inequitable conduct allegations because MedComp could not satisfy that standard. *Id.* at **2-6.[4] Having repeatedly failed to meet the pleading standard in Port III, MedComp now avoided it entirely and went straight to contentions. Although MedComp's inequitable conduct contentions do not satisfy Rule 9(b)[5], invalidity contentions are not the vehicle to assess whether this "exacting" ***pleading*** standard has been met or whether MedComp has good cause to amend. MedComp's improper contentions should be struck.

Dated: December 28, 2020

By:    /s/ Bryon J. Benevento

Bryon J. Benevento (5254)
Kimberly Neville (9067)
DORSEY & WHITNEY LLP

Steven C. Cherny (*pro hac vice*)
Matthew A. Traupman (*pro hac vice*)
Brian P. Biddinger (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP

*Attorneys for Plaintiffs C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

---

[4] MedComp unsuccessfully moved for reconsideration and has since moved to assert inequitable conduct again, but Magistrate Judge Oberg recommended denying MedComp's motion as untimely. Port III, D.I. 317, 578.

[5] For example, MedComp alleges that "Bard" committed inequitable conduct. Ex. A at 44. However, "a pleading must "name the specific individual" who committed inequitable conduct; "[i]t is not enough to simply refer to 'Bard.'" *C.R. Bard*, 2019 WL 1746309 at *2.

## CERTIFICATION UNDER DUCivR 37-1

I certify that the parties made reasonable efforts to reach agreement on the disputed matters described herein by participating in a meet and confer on December 23, 2020.

               */s/ Matthew Traupman*
               QUINN EMANUEL URQUHART
               &amp; SULLIVAN, LLP
               51 Madison Ave., 22nd Floor
               New York, New York 10010
               Telephone: (212) 849-7000
               Facsimile: (212) 849-7100
               Email: matthewtraupman@quinnemanuel.com