# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| C.R. BARD, INC., a New Jersey corporation, and BARD PERIPHERAL VASCULAR, INC., an Arizona corporation, | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO CONSOLIDATE CASES** |
| Plaintiffs, | 2:12-cv-00032-RJS-DAO |
| v. | Chief District Judge Robert J. Shelby |
| MEDICAL COMPONENTS, INC., a Pennsylvania corporation, | Magistrate Judge Daphne A. Oberg |
| Defendant. | |

Before the court is Defendant Medical Components, Inc.'s (Medcomp) Motion to Consolidate.[1]  Pursuant to Federal Rule of Civil Procedure 42(a) and DUCivR 42-1, MedComp moves to consolidate into this action (*Port I*) a later filed case between similar parties: *C.R. Bard, Inc. et al. v. Medical Components, Inc.*, Case No. 2:17-cv-00754-HCN-DAO (*Port III*). MedComp argues consolidation is appropriate because the two cases involve virtually identical parties, products, and issues of law and fact, together with related patents and overlapping documents, testimony, witnesses, and potential experts.  Plaintiffs C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, Bard) oppose the Motion, contending consolidation of the two now divergent cases would introduce confusion and delay.

For the reasons explained below, the Motion to Consolidate is DENIED.

---

[1] Dkt. 479.

**RELEVANT FACTS**

The court begins with a preliminary overview of the patents at issue before taking up the lengthy and complicated procedural history of the relevant cases.

Bard and MedComp are medical device manufacturers who develop, produce, and market various vascular access devices, including subcutaneous access ports. Access ports are devices that are implanted within the body of a patient, providing a convenient method of repeatedly delivering infusions of medicine, blood products, or other fluids without requiring invasive surgical procedures.[2] Power injection machines employing high pressure are sometimes used to deliver highly viscous fluids through access ports at specific desired rates of flow.[3] Unlike regular access ports that can fracture and cause significant bodily injury if subjected to power injection, special power injectable ports are designed to withstand high pressures.[4]

Generally, access ports offered by different manufacturers and different models exhibit substantially similar geometries, making it difficult to differentiate between power injectable ports and regular access ports once they have been implanted in the body.[5] Access port manufacturers thus seek methods of adding identifiers to their ports that enable identification of power-injectability following implantation.[6] The various iterations of port identification methods comprise the heart of the patent disputes between Bard and MedComp.

Bard is the owner of eight asserted patents at issue in *Port I* and *Port III*: (i) U.S. Patent No. 7,947,022 (the '022 patent); (ii) U.S. Patent No. 7,785,302 (the '302 patent); (iii) U.S. Patent

---

[2] *See* Dkt. 585-2 (Bard's Redacted Tutorial Exhibit) at 4.

[3] *See id.* at 15–18.

[4] *See id.* at 20, 23–24.

[5] *See id.* at 26–27.

[6] *See id.* at 29–33; *see also* Dkt. 579 (Disk with MedComp's Technology Tutorial) at 26–30 (on file with Clerk's Office).

No. 7,959,615 (the '615 patent); (iv) U.S. Patent No. 8,025,639 (the '639 patent); (v) U.S. Patent No. 8,382,723 (the '723 patent); (vi) U.S. Patent No. 8,585,663 (the '663 patent); (vii) U.S. Patent No. 8,603,052 (the '052 patent); and (viii) U.S. Patent No. 9,682,186 (the '186 patent).[7] Seven of the eight asserted patents are from the same patent family and all generally relate to subcutaneous port identification.[8] The remaining '639 patent relates to a method of performing a power injection procedure that is different from the inventions claimed in the other seven patents.[9]

MedComp owns two asserted patents at issue in *Port I* and *Port III*: (i) U.S. Patent No. 8,021,324 (the '324 patent); and (ii) U.S. Patent No. 8,852,160 (the '160 patent).[10] Both of these asserted patents also concern subcutaneous port identification.

## PROCEDURAL HISTORY

On January 11, 2012, Bard filed the *Port I* action against MedComp, alleging infringement of the '022, '302, and '615 patents.[11] MedComp counterclaimed, alleging Bard infringed its '324 patent.[12] On December 17, 2012, *Port I* was stayed and administratively closed while the patents-in-suit underwent *inter partes* reexamination before the United States Patent and Trademark Office.[13] The stay remained in place for approximately seven years.[14]

---

[7] *See* Dkt. 115 (Bard's Motion to Transfer Related Cases) at 2; Dkt. 539 (Bard's Opp. to MedComp's Motion to Consolidate) at 3.

[8] Dkt. 539 at 2–3.

[9] *Id.* at 3.

[10] *See* Dkt. 208 (MedComp's Amended Counterclaim) at 8; *see also Port III Action*, Case No. 2:17-cv-00754-HCN-DAO, Dkt. 32 (MedComp's Amended Counterclaim) at 2.

[11] Dkt. 115 at 2–3.

[12] *Id.* at 3.

[13] *Id.* at 3–4.

[14] *See* Dkt. 539 at 2.

Following entry of the stay in *Port I*, MedComp moved to dismiss its *Port I* Counterclaim without prejudice, allowing it to file the Counterclaim in another forum.[15]  On February 15, 2013, this court denied the motion due to the relatedness of the Bard and MedComp patents-in-suit, finding that the PTO reexamination would narrow the relevant issues regarding MedComp's Counterclaim.[16]

On April 29, 2013, MedComp filed a Petition for Writ of Mandamus to the United States Court of Appeals for the Federal Circuit, seeking relief from the court's order staying the case and denying MedComp's Motion to Dismiss.[17]  The Federal Circuit denied the Petition on August 2, 2013.[18]

On April 27, 2017, MedComp filed an action in the Eastern District of Texas against Bard, alleging infringement of its '160 patent (the Texas Action).[19]  On July 7, 2017, Bard filed the *Port III* action against MedComp in the District of Utah, which was assigned to Judge Ted Stewart.[20]  *Port III* currently involves Bard's claims for infringement of the '639, '723, '663, '052, and '186 patents.[21]  It also includes MedComp's *Port III* Counterclaim, alleging infringement of its '160 patent.[22]

On the same day Bard filed the *Port III* action, July 7, 2017, it also filed a Motion to Transfer Related Cases in the *Port I* action.[23]  Bard moved the court to transfer the newly filed

---

[15] Dkt. 115 at 4.

[16] *Id.* at 4.

[17] *Id.*

[18] *Id.*

[19] *Id.* at 4–5.

[20] *Id.* at 5.

[21] Dkt. 539 at 3.

[22] *See Port III Action*, Case No. 2:17-cv-00754-HCN-DAO, Dkt. 32 at 2.

[23] Dkt. 115.

*Port III* action from Judge Stewart to the undersigned, arguing that, due to the relatedness of the *Port I* and *Port III* actions, it would be in the parties' and the court's best interest to have both actions decided before a single judge.[24]   Bard contended the two actions called for a determination of substantially similar questions of law and fact, and raised concerns about duplication of labor and inconsistent rulings if they were handled by separate judges.[25] MedComp opposed the Motion, insisting the *Port I* and *Port III* actions were not sufficiently related to justify transfer.[26]   Specifically, MedComp stated that "[m]erely because the patents in [*Port I*] occupy the same product category as the patents in [*Port III*] does not make the cases meaningfully related."[27]

On September 19, 2017, before this court could rule on Bard's Motion to Transfer, the Texas Action was transferred to the District of Utah and assigned to Judge David Nuffer.[28]   On October 2, 2017, Bard filed a Second Motion to Transfer Related Cases in the *Port I* action, seeking to transfer the Texas Action to the undersigned along with the *Port III* action.[29]   Bard argued that, rather than have three separate patent infringement actions involving port identification technology between Bard and MedComp pending before three different District of Utah judges, it would be more efficient for all three cases to proceed in front of a single judge.[30]

MedComp again opposed the transfer, contending that the three actions should remain separate because they "involve substantively different facts, applicable defenses, validity defense

---

[24] *See id.* at 6.

[25] *Id.*

[26] Dkt. 118 (MedComp's Opp. to Motion to Transfer) at 1.

[27] *Id.* at 9.

[28] *See* Dkt. 141 (Bard's Second Motion to Transfer Related Cases) at 2.

[29] *Id.*

[30] *See id.* at 2.

issues, and patent ownership issues, and may also include different (or at least additional) inventorship issues and enforceability issues."[31]  Moreover, MedComp maintained that granting the request for transfer would unduly burden one judge "with addressing a multitude of complex issues involving unrelated facts."[32]

On February 7, 2018, this court denied both Motions to Transfer *Port III* and the Texas Action to the undersigned.[33]  Although the patents at issue in the three cases involved the general subject matter of port identification technology, the court found that the differing patents would not call for substantially related questions of law and fact.[34]  Indeed, the court highlighted that neither the Texas Action nor *Port III* had any overlapping patents with *Port I*, and further explained that "the difference in patents means there is not a risk of substantial duplication of labor or inconsistent verdicts because a decision on one patent will not affect the outcome for other patents."[35]  Accordingly, the court concluded that transfer was not warranted.

On March 23, 2018, Judge Nuffer issued a Memorandum Decision and Order, mandating that the Texas Action and *Port III* be "decided together."[36]  Following his decision, on May 23, 2018, the assigned Magistrate Judge in *Port III* ordered the consolidation of the two cases, which are now referred to collectively as *Port III*.[37]  On June 14, 2019, *Port III* was reassigned to newly appointed district judge, Howard Nielson.[38]  *Port III* has continued to progress, with Judge

---

[31] *See* Dkt. 144 (MedComp's Opp. to Bard's Second Motion to Transfer) at 8.

[32] *Id.* at 9.

[33] Dkt. 150 (Order Denying Motions to Transfer).

[34] *Id.* at 2.

[35] *Id.*

[36] *See Port III Action*, Case No. 2:17-cv-00754-HCN-DAO, Dkt. 129 (Order Consolidating Cases) at 2.

[37] *Id.*

[38] *See Port III Action*, Case No. 2:17-cv-00754-HCN-DAO, Dkt. 284 (Docket Entry of Reassignment).

Nielson issuing a November 23, 2020 claim construction order, and on March 11, 2020, a ruling on summary judgment motions.[39]  In the latter ruling, Judge Nielson denied MedComp's motion for summary judgment on invalidity, finding that Bard's '723, '663, '052, and '186 patents are drawn to patentable subject matter.[40]  He also granted Bard's motion for summary judgment of non-infringement of MedComp's '160 patent.[41]  *Port III* is now ready to proceed with expert discovery.[42]

On October 4, 2019, the stay was lifted in *Port I*.[43]  Since that time, the case has progressed as follows: fact discovery commenced on March 30, 2020 and closed on February 8, 2021; the parties completed claim construction briefing on April 2, 2021; summary judgment briefing was completed on April 16, 2021; and the parties conducted a technology tutorial for the court on April 28, 2021.[44]  No date is presently set for a claim construction hearing, and the claim construction and summary judgment orders likely will not issue for several months.

Notwithstanding its previous arguments, on March 18, 2021, MedComp filed the instant Motion to Consolidate *Port I* and *Port III* pursuant to Federal Rule of Civil Procedure 42(a) and local rule DUCivR 42-1.[45]  The Motion is now fully briefed and ripe for review.

---

[39] *See* Dkt. 539 at 3.

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *See* Dkt. 161.

[44] *See* Dkt. 539 at 2–3.

[45] *See* Dkt. 479.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) allows a court to consolidate actions "involving a common question of law or fact[.]"[46]  Under local rule DUCivR 42-1, a "party may file a motion . . . to consolidate two or more cases before a single judge if the party believes that such cases or matters: arise from substantially the same transaction or event; involve substantially the same parties or property; involve the same patent, trademark, or copyright; call for determination of substantially the same questions of law; or for any other reason that would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges."[47]  Whether consolidation under Rule 42(a) is appropriate is within the discretion of the district court.[48]  The party seeking consolidation bears the burden of establishing it is appropriate.[49]

## ANALYSIS

MedComp now argues *Port I* and *Port III* call for consolidation because "they involve virtually identical parties, products, issues of law and fact, related patents (in the same family), and overlapping documents, testimony, witnesses, and potential experts."[50]  MedComp also contends consolidation will prevent potential inconsistent decisions and possible double recoveries.[51]  Bard disagrees, arguing this court already determined the two cases do not present substantially related questions of law and fact when it denied Bard's Motions to Transfer three years ago.[52]  Bard further maintains the risk of inconsistent decisions is low, and consolidation

---

[46] Fed. R. Civ. P. 42(a).

[47] DUCivR 42-1.

[48] *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978) (citation omitted).

[49] *Phillip M. Adams & Assocs., LLC v. Dell Inc.*, No. 1:05-cv-64 TS, 2008 WL 203316, at *2 (D. Utah Jan. 23, 2008) (citing *Shump*, 574 F.2d at 1344).

[50] Dkt. 479 at 2.

[51] *Id.*

[52] Dkt. 539 at 4–6.

would serve only to stall the *Port III* action because the two cases are not procedurally aligned.[53]
The court agrees with Bard.

In February 2018, when the court denied Bard's Motions to Transfer *Port III* and the
Texas Action to the undersigned, it adopted MedComp's reasoning at the time and determined
that the cases would not call for substantially related questions of law and fact.[54]  Because there
were no overlapping patents between the cases, the court agreed there was little risk of
substantial duplication of labor or inconsistent verdicts.[55]  This reasoning is as applicable today
as it was three years ago.  The different issues and patents in the cases remain unchanged.  In
fact, the only thing that has changed is MedComp's position.  In an about-face, MedComp now
insists the cases should be consolidated because the patents at issue are all related, and it will
promote judicial economy and avoid unnecessary duplication of efforts to combine the two
cases.[56]  The court will not countenance this argument.

Although MedComp concedes it opposed Bard's Motions to Transfer in 2017, it contends
it only did so because, at the time, it was uncertain which of Bard's patent infringement claims
asserted in the stayed *Port I* action would survive reexamination.[57]  Despite the reasonableness
of this argument, MedComp did not ask the court to stay the *Port III* action while the
reexamination in *Port I* was conducted.  Nor did MedComp move for consolidation when the
stay in *Port I* was lifted in October 2019.  It was not until more than two years later—after
MedComp received an adverse ruling on its Motion for Summary Judgment from Judge Nielson

---

[53] *Id* at 7–9.

[54] Dkt. 150 at 2.

[55] *Id.*

[56] Dkt. 479 at 2.

[57] *See* Dkt. 479 at 2–3.

in *Port III*—that it hastily moved for consolidation before this court.[58]  Not only is MedComp's

Motion untimely, but it suggests improper motive.

     Moreover, MedComp's concern for possible inconsistent decisions and the limitations on

the cross-use of discovery are not persuasive.  MedComp points to only one example of an

allegedly inconsistent decision on a discovery-related issue but does not articulate how the

decision would increase the risk for greater inconsistent decisions between the two cases.[59]

Given that Magistrate Judge Daphne Oberg has overseen both *Port I* and *Port III* for more than a

year and enjoys deep knowledge of the discovery issues in both cases, the risk of any

inconsistent discovery-related decisions between the two actions is low.[60]

     Similarly, MedComp's concern about the limits on cross-use of discovery between the

two cases does not warrant consolidation.  On April 27, 2020, the court issued an order setting

forth the terms of cross-use between *Port I* and *Port III*.[61]  To date, MedComp has not moved to

reconsider that ruling but has recently filed a Motion to Permit Cross-Use of Discovery between

the two cases, which is now pending before Judge Oberg.[62]  This is a better avenue for

determining whether to permit cross-use of discovery rather than through the instant motion to

consolidate.

---

[58] In its Motion to Consolidate, MedComp also moved for an expedited briefing schedule, asking the court to order Bard to respond within seven days.  Medcomp also requested expedited disposition of the Motion.  *See* Dkt. 479 at 2.

[59] *See id.* at 5.  MedComp contends Magistrate Judge Daphne Oberg employed a broad interpretation of the privilege protection, rather than the stricter, more traditional privilege analysis used by Judge Nielson.

[60] Magistrate Judge Oberg was assigned to the *Port I* and *Port III* actions on May 15, 2020.  *See* Dkt. 192; *Port III Action*, Case No. 2:17-cv-00754-HCN-DAO, Dkt. 545.  Magistrate Judge Evelyn Furse previously presided over both actions.

[61] *See* Dkt. 191 (Order Concerning Production of Electronically Stored and Hard Copy Information) at 2 ¶ 3 (explaining that the parties agree that any party may use discovery obtained in the *Port III* case in *Port I* "as if that discovery were obtained in the present action").

[62] *See* Dkt. 414.  The Motion to Permit Cross-Use was filed on February 12, 2021.

MedComp's concern over the possibility of double recoveries is also not a proper matter for consideration under a motion to consolidate.  Whether there is potential risk of double recoveries is a matter far too speculative to require consolidation now.

Finally, despite MedComp's assertion that the *Port I* action has "almost 'caught up' procedurally" to the *Port III* action,[63] the court finds that the two cases are not procedurally aligned.  While *Port III* is ready to begin expert discovery, *Port I* has yet to reach resolution of claim construction disputes and summary judgment motions.  This is a difference of at least many months, and consolidation at this point would serve only to improperly delay *Port III*.  At this point, the two actions have diverged significantly.  The time for consolidation, if there was one, has long since passed.

## CONCLUSION

For the foregoing reasons, MedComp's Motion to Consolidate is DENIED.

SO ORDERED this 21st day of May 2021.

BY THE COURT:

_____

ROBERT J. SHELBY
United States District Judge

---

[63] Dkt. 479 at 4.