IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL COMPONENTS, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO STAY<br><br>Case No. 2:12-cv-00032-JNP-DAO<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is a Motion to Stay filed by Defendant Medical Components, Inc. ("MedComp" or "Defendant"). ECF No. 869 ("Def.'s Mot."). Plaintiffs C.R. Bard, Inc. ("CR Bard") and Bard Peripheral Vascular ("BPV") (collectively, "Plaintiffs") oppose Defendant's motion. ECF No. 875 ("Pls.' Opp."). For the reasons set forth herein, Defendant's motion is DENIED.

## BACKGROUND

Plaintiff filed this action 12 years ago, asserting patent infringement claims related to its power injectable port technology. The patents-in-suit include U.S. Patent Nos. 7,947,022 ("the '022 patent"), 7,785,302 ("the '302 patent"), and 7,959,615 ("the '615 patent"). ECF No. 69 ("Pls.' Am. Compl."). In addition to this instant litigation, Plaintiffs also assert infringement claims involving the same subject matter but different patents against AngioDynamics in the District of Delaware. In that litigation, the court granted AngioDynamics' motion for judgment as a matter of law after the jury had returned a verdict for Plaintiffs. *See CR Bard Inc. v. AngioDynamics, Inc.*, 675 F.Supp.3d 462 (D. Del. 2023). The *AngioDynamics* court held that Plaintiffs' claim

reconstructions at trial were invalid for indefiniteness, explaining that the claims fail to define "what rates a port safe for power injection . . . [b]eyond the obvious avoidance of port rupture." *Id.* at 477. Therefore, those skilled in the art could not determine with certainty whether the device was safe for power injection. And, the *AngioDynamics* court clarified, this was demonstrated by the testimony of experts at trial, who, though equally qualified, came to different conclusions about how to identify the device as such. The issue of whether the claims are invalid for indefiniteness is currently on appeal before the Federal Circuit.

A year after the *AngioDynamics* decision, Defendant moved for a stay in this case pending the Federal Circuit appeal. Defendant reasoned that, because the same terms held to be invalid for indefiniteness by the *AngioDynamics* court are used in the relevant patents to this case, the Federal Circuit decision may render the claims invalid. The language pointed out by Defendant in the '302, '022, and '615 patents all concern identification of the product as power injectable. Def.'s Mot. at 5-6. Thus, Defendant argues, staying the case pending the Federal Circuit appeal will support judicial economy by "either requiring an outright dismissal of the case" or, at minimum, ensuring that the case complies with the Federal Circuit's ruling. *Id.* at 3.

## LEGAL STANDARD

The court has inherent power "to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). But the Tenth Circuit has emphasized that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com. v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (internal quotation marks omitted). The movant seeking a stay "must make a strong showing of necessity[.]" *Id.* That is, even if there is "a fair possibility" that "the stay would damage the other party," the

2

movant "must demonstrate a clear case of hardship or inequity." *Ben Ezra, Weinstein, & Co. v. America Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (internal quotation marks omitted).

Defendant argues that the Tenth Circuit standard does not apply to this case. But the legal standard cited by Defendant (the "*Lifetime Prods.* standard") applies to stays of proceedings pending *inter partes* reexamination by the U.S. Patent and Trademark Office. *See Corel Software, LLC v. Microsoft Corp.*, 2016 U.S. Dist. LEXIS 112513 (D. Utah 2016); *White Knuckle IP, LLC v. Elec. Arts Inc.*, 2016 U.S. Dist. LEXIS 95341 (D. Utah 2016); *Lifetime Prods. v. Russell Brands, LLC*, 2013 U.S. Dist. LEXIS 137795 (D. Utah 2013). Here, Defendant requests a stay pending Federal Circuit review of an issue it claims is relevant to the case before the court, not an *inter partes* reexamination. Furthermore, in the case cited by Defendant, *White Knuckle*, the court applied the *Lifetime Prods.* standard to the motion to stay proceedings pending *inter partes* reexamination. Just a year earlier, the same court refused to apply the *Lifetime Prods.* standard to stay discovery pending a motion for judgment on the pleadings. *See White Knuckle IP, LLC v. Elec. Arts Inc.*, 2015 U.S. Dist. LEXIS 112162, at *3 (D. Utah 2015). Instead, the court applied the Tenth Circuit's "strong showing of necessity standard." *Id.*

Other courts have also held that regional law applies to stays in patent cases not involving *inter partes* reexamination. *See Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. De C.V.*, 384 F.Supp.2d 1334, 1338-39 (D. Ia. 2005) ("When determining whether to stay a matter pending appeal, an essentially procedural question, the law of our regional circuit rather than that of the Federal Circuit . . . is applicable."); *see also Esip Series 1 LLC v. Doterra Int'l, LLC*, 2023 U.S. Dist. LEXIS 111973, at *4 n.16 (D. Utah 2023) ("When considering whether to grant a stay [by bond or other security] under Rule 62(b) – a procedural matter – the court applies the law of the Tenth Circuit rather than Federal Circuit."). Indeed, this court applied the Tenth Circuit

3

standard and denied Defendant's previous motion to stay proceedings pending Federal Circuit review in this same case. *See C.R. Bard v. Medical Components*, 2020 U.S. Dist. LEXIS 257091, at *4 (D. Utah 2020) ("[C]ourts typically look to those factors [in the *Lifetime Prods.* standard] only when deciding whether to stay litigation pending USPTO *inter partes* reexamination proceedings."). Thus, the court will apply the Tenth Circuit's "strong showing of necessity" standard to Defendant's motion.

## ANALYSIS

Defendant makes no attempt to demonstrate a strong showing of necessity to justify its motion. Rather, Defendant claims a stay is warranted for purposes of judicial economy, ensuring conformity with the Federal Circuit and simplifying the issues. But this does not meet the legal standard that would entitle Defendant to a stay. In fact, the Tenth Circuit has held that "considerations of [judicial economy] should rarely if ever lead to such broad curtailment of the access to the courts." *Chilcott*, 713 F.2d at 1484; *see also Span-Eng Associates v. Weidner*, 771 F.2d at 468 (rejecting the defendant's motion to stay proceedings based on the argument that not staying the case may "result in [a] needless waste of judicial energy and resources.").

Thus, the court is not persuaded by Defendant's argument that proceedings should be stayed because the Federal Circuit ruling on a different case *may* be dispositive of this instant litigation. The appeal may not necessarily inform the proceedings in this matter. Although the patents-in-suit here involve the same power injectable technology as the patents in *AngioDynamics*, they are different patents, based on different specifications. Furthermore, the ruling in *AngioDynamics* was largely based on expert testimony at trial, testimony that may differ from the evidence presented in this case.

On the other hand, Plaintiffs argue that a stay would severely prejudice them. This case has been pending since 2012. After a remand from the Federal Circuit to this court in 2023, the parties

have not yet started jurisdictional discovery or completed claim construction. Meanwhile, Plaintiffs assert that their patents move closer to expiry as they continue to lose exclusivity to infringing competitors. *See* Pls.' Opp. at 3.

Because there is "a fair possibility" a stay would damage Plaintiffs, Defendant "must demonstrate a clear case of hardship or inequity." *Ben Ezra*, 206 F.3d at 987. Defendant fails to do so. Defendant claims no hardship or inequity. Simply, it argues that a stay would be convenient and in the interest of efficiency. Because Defendant has not met its burden, the court must deny Defendant's Motion.

## CONCLUSION AND ORDER

For the foregoing reasons, the court hereby DENIES Defendant's Motion to Stay. ECF No. 869.

Signed December 12, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge