UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CR BARD; and BARD PERIPHERAL VASCULAR, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MEDICAL COMPONENTS, INC., <br><br> Defendant. | **MEMORANDIUM DECISION AND ORDER GRANTING MOTIONS FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** <br> **(DOC. NOS. 871, 876, 879, 882, 885, 893, 898)** <br><br> Case No. 2:12-cv-00032 <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, the parties have filed several motions for leave to file documents under seal, arguing they contain sensitive business information.[1] Because the parties' interests in protecting their confidential business information outweigh the public's interest in access at this stage, the motions are granted.

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[2] Indeed, the District of Utah's local rules provide that court records are "presumptively open to the public," and sealing of court records is "highly discouraged."[3] However, the

---

[1] (*See* Doc. Nos. 871, 876, 879, 882, 885, 893, 898.)

[2] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[3] DUCivR 5-3(a)(1).

1

right of public access is "not absolute."[4]  "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[5]  "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[6]  For example, documents containing "sensitive, proprietary information concerning [a party's] business practices" may properly be sealed.[7]  Finally, under the local rules, a motion to seal must be "narrowly tailored to seek protection of only the specific information that the party alleges is truly deserving of protection."[8]

## ANALYSIS

1. <u>Motions to seal relating to MedComp's Motion to Limit Subject Matter Jurisdiction</u>

Medical Components, Inc. ("MedComp") moves[9] to seal portions of its Motion to Limit Subject Matter Jurisdiction and Exhibits A–C thereto,[10] based on Plaintiffs'

---

[4] *Colony Ins. Co.*, 698 F.3d at 1241 (citation omitted).

[5] *Id.* (internal quotation marks omitted).

[6] *Id.* (internal quotation marks omitted).

[7] *Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017) (unpublished); *see also Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) ("[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978))).

[8] DUCivR 5-3(b)(2)(A).

[9] (Doc. No. 871.)

[10] (Doc. Nos. 872, 872-1, 872-2, 872-3.)

(collectively, "Bard") confidentiality designations.  Bard also moves[11] to seal the same documents, arguing they contain Bard's confidential business information.  In addition, Bard moves[12] to seal portions of its opposition to MedComp's Motion to Limit Subject Matter Jurisdiction and Exhibits A–D thereto,[13] arguing these documents likewise contain Bard's confidential business information.  MedComp did not respond to Bard's motion to seal its opposition brief.  Finally, MedComp moves[14] to seal portions of its reply in support of its Motion to Limit Subject Matter Jurisdiction,[15] based on Bard's confidentiality designations.  Bard also moves[16] to seal the same portions of MedComp's reply, arguing it discusses Bard's confidential business information.

Bard has justified the sealing of the unredacted briefing and exhibits relating to MedComp's Motion to Limit Subject Matter Jurisdiction at this stage.  A review of these documents confirms they contain detailed, technical information regarding Bard's products, as well as other sensitive business information which could cause competitive harm if disclosed.  Thus, Bard has articulated a significant interest weighing against the presumption of public access.

---

[11] (Doc. No. 876.)

[12] (Doc. No. 879.)

[13] (Doc. Nos. 880, 880-1, 880-2, 880-3, 880-4.)

[14] (Doc. No. 882.)

[15] (Doc. No. 883.)

[16] (Doc. No. 885.)

No doubt, the public's interest in access is heightened where these documents are filed in connection with a dispositive motion.[17] However, the order denying MedComp's Motion to Limit Subject Matter Jurisdiction contains adequate information for the public to understand the basis of the ruling.[18] Further, the briefing and exhibits contain a substantial amount of confidential business information the court did not rely on when adjudicating MedComp's motion. Finally, the redactions appear narrowly tailored, and significant portions of the briefing remain publicly accessible. Under these circumstances, Bard's interest in protecting confidential business information from competitors outweighs the public's interest in access even at this stage. These motions to seal[19] are granted, and the unredacted briefing and exhibits[20] shall remain sealed until otherwise ordered.

2. <u>Motions to seal relating to Bard's Motion for Summary Judgment</u>

Bard moves[21] to seal portions of its Motion for Summary Judgment of Invalidity of MedComp's U.S. Patent No. 8,021,324,[22] based in part on MedComp's confidentiality

---

[17] *See Colony Ins. Co.*, 698 F.3d at 1242 ("[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." (alteration in original) (citation omitted)).

[18] (*See* Mem. Decision and Order Den. Def.'s Mot. to Limit Subject Matter Jurisdiction, Doc. No. 887.)

[19] (Doc. Nos. 871, 876, 879, 882, 885.)

[20] (Doc Nos. 872, 872-1, 872-2, 872-3, 880, 880-1, 880-2, 880-3, 880-4, 883.)

[21] (Doc. No. 893.)

[22] (Doc. No. 894.)

designations. Bard also argues some of the redacted portions contain Bard's confidential business information. MedComp moves[23] to seal the same portions of Bard's motion for summary judgment, arguing the redacted portions discuss MedComp's confidential business information. Both parties also note the redacted information has previously been filed under seal in connection with an earlier motion for summary judgment.[24]

The parties have demonstrated the unredacted version of Bard's motion for summary judgment[25] warrants sealing at this stage. A review of the motion confirms the redacted portions reference detailed, technical information regarding the parties' products, as well as other sensitive business information which could cause competitive harm if disclosed. Thus, the parties have articulated significant interests weighing against the presumption of public access.

The public's interest in access is heightened where these documents are filed in connection with a dispositive motion.[26] Nevertheless, the court has yet to rule on the summary judgment motion, and it remains to be seen whether and to what extent the

---

[23] (Doc. No. 898.)

[24] (*See* Docket Text Order, Doc. No. 512 (granting Bard leave to file under seal portions of its earlier motion for summary judgment (Doc. No. 460) and Exhibits D, E, F, G, H, I, J, K, L, N, O, P, T, W, and X thereto).)

[25] (Doc. No. 894.)

[26] *See Colony Ins. Co.*, 698 F.3d at 1242 ("[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." (alteration in original) (citation omitted)).

redacted information will be used to determine the parties' substantive legal rights. Further, the redactions appear narrowly tailored, and most of the motion remains publicly accessible. Under these circumstances, the parties' interests in protecting confidential business information from competitors outweigh the public's interest in access at this stage. These motions to seal[27] are granted, and the unredacted version of Bard's motion for summary judgment[28] shall remain sealed until otherwise ordered.

## CONCLUSION

The motions to seal discussed above[29] are granted. The documents at the following docket numbers shall remain sealed until otherwise ordered: 872, 872-1, 872-2, 872-3, 880, 880-1, 880-2, 880-3, 880-4, 883, 894. Any finding in this order that a document warrants sealing may be revisited (by the court or on motion of a party) if the sealed information is later used to determine the parties' substantive legal rights.

DATED this 24th day of March, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[27] (Doc. Nos. 893, 898.)

[28] (Doc No. 894.)

[29] (Doc. Nos. 871, 876, 879, 882, 885, 893, 898.)