UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CR BARD; and BARD PERIPHERAL VASCULAR, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MEDICAL COMPONENTS, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO SEAL (DOC. NOS. 906, 912, 914, 915) AND DENYING MOTIONS TO SEAL (DOC. NOS. 920, 925)** <br><br> Case No. 2:12-cv-00032 <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, the parties have filed several motions[1] for leave to file documents under seal. None of the motions are opposed but some are unsupported. The parties' motions to seal portions of their summary judgment opposition briefs are granted because the parties' confidentiality interests outweigh the public's interest in access at this stage. However, Plaintiffs' (collectively, Bard) motions to seal its summary judgment reply brief (and Exhibit 2 thereto) and technical tutorial are denied, where Bard's motions are based on Medical Components' (MedComp) confidentiality designations and MedComp did not file a corresponding motion supporting sealing.

---

[1] (Doc. Nos. 906, 912, 914, 915, 920, 925.)

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[2] Indeed, the District of Utah's local rules provide that court records are "presumptively open to the public," and sealing of court records is "highly discouraged."[3] However, the right of public access is "not absolute."[4] "The presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[5] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[6] For example, documents containing "sensitive, proprietary information concerning [a party's] business practices" may properly be sealed.[7] Finally, under the local rules, a motion to seal must be "narrowly tailored to seek protection of only the specific information that the party alleges is truly deserving of protection."[8]

---

[2] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[3] DUCivR 5-3(a)(1).

[4] *Colony Ins. Co.*, 698 F.3d at 1241 (citation modified).

[5] *Id.* (citation modified).

[6] *Id.* (citation modified).

[7] *Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017) (unpublished); *see also Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) ("[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978))).

[8] DUCivR 5-3(b)(2)(A).

## ANALYSIS

First, the parties move to seal portions of their summary judgment opposition briefs, arguing these documents contain the parties' confidential business information. Specifically, both parties move to seal portions of MedComp's opposition[9] to Bard's Motion for Summary Judgment[10] and portions of Bard's opposition[11] to MedComp's Motion for Summary Judgment.[12]

A review of the documents confirms they contain detailed, technical information regarding the parties' products, as well as other sensitive business information which could cause the parties competitive harm if disclosed. The parties have articulated significant interests weighing against the presumption of public access. No doubt, the public's interest in access is heightened where these documents are filed in connection with a dispositive motion.[13] But the court has yet to rule on the summary judgment

---

[9] (*See* Def.'s Opp'n to Bard's Mot. for Summ. J. of Invalidity of MedComp's Patent 8,021,324, Doc. No. 905 (public, redacted version), Doc. No. 907 (sealed version).)

[10] (*See* Mot. for Leave to File Under Seal, Doc. No. 906 (MedComp's motion to seal, based on Bard's confidentiality designations); Mot. for Leave to File Under Seal, Doc. No. 914 (Bard's motion to seal).)

[11] (*See* Bard's Opp'n to LPR 6.2 Mot. of Def. and Countercl. MedComp for Summ. J. on Non Infringement and Invalidity and Infringement, Doc. No. 911 (public, redacted version), Doc. No. 913 (sealed version).)

[12] (*See* Mot. for Leave to File Under Seal, Doc. No. 912 (Bard's motion to seal, based on MedComp's confidentiality designations); Mot. for Leave to File Under Seal, Doc. No. 915 (MedComp's motion to seal).)

[13] *See Colony Ins. Co.*, 698 F.3d at 1242 ("Where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." (citation modified)).

motions, and it remains to be seen whether and to what extent the redacted information will be used to determine the parties' substantive legal rights. Further, the redactions appear narrowly tailored and significant portions of the briefing remain publicly accessible. Under these circumstances, the parties' interests in protecting confidential business information from competitors outweigh the public's interest in access even at this stage. Accordingly, these motions[14] to seal are granted. The documents at issue[15] shall remain sealed until otherwise ordered. This ruling may be later revisited if the sealed information is relied on to determine the parties' substantive legal rights.

Next, Bard moves to seal portions of its reply in support of its Motion for Summary Judgment and Exhibit 2 thereto,[16] based on MedComp's confidentiality designations.[17] Bard also moves to seal portions of its technical tutorial,[18] again based on MedComp's confidentiality designations.[19] But MedComp did not file a separate motion to seal these documents as required under Rule 5-3(b)(2)(C)(i) of the Local

---

[14] (Doc. Nos. 906, 912, 914, 915.)

[15] (Doc. Nos. 907, 913.)

[16] (*See* Bard's Reply in Supp. of Its Mot. for Summ. J. of Invalidity of MedComp's U.S. Patent No. 8,021,324, Doc. No. 924 (public, redacted version), Doc. No. 926 (sealed version); Ex. 2, Doc. No. 924-1 at 5 (public, redacted version), Doc. No. 926-1 at 5–9 (sealed version).)

[17] (*See* Mot. for Leave to File Under Seal, Doc. No. 925.)

[18] (*See* Bard's Tech. Tutorial, Doc. No. 919-1 (public, redacted version), Doc. No. 921 (sealed version).)

[19] (*See* Mot. for Leave to File Under Seal, Doc. No. 920.)

Rules of Civil Practices.[20]  In other words, no party has established the need to seal these documents.  Accordingly, Bard's motions[21] to seal these documents are denied and the documents at issue[22] shall be unsealed.

## CONCLUSION

The parties' motions[23] to seal portions of their summary judgment opposition briefs are granted because the parties' confidentiality interests outweigh the public's interest in access at this stage.  The documents[24] at issue in these motions shall remain sealed until otherwise ordered.  However, Bard's motions[25] to seal its summary judgment reply brief (and Exhibit 2 thereto) and technical tutorial are denied, where

---

[20] *See* DUCivR 5-3(b)(2)(C)(i) ("If the designating party seeks to have the Document remain under seal, the designating party must file a Motion for Leave to File Under Seal in accordance with DUCivR 5-3(b)(2) within 7 days of service of the motion.  If the designating party does not file a motion within 7 days, the original motion may be denied, and the Document may be unsealed without further notice.").

[21] (Doc. Nos. 920, 925.)

[22] (Doc. Nos. 921, 926, 926-1.)

[23] (Doc. Nos. 906, 912, 914, 915.)

[24] (Doc. Nos. 907, 913.)

[25] (Doc. Nos. 920, 925.)

Bard's motions are based on MedComp's designations and MedComp did not file a corresponding motion. The documents at issue in these motions[26] shall be unsealed.

DATED this 29th day of July, 2025.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[26] (Doc. Nos. 921, 926, 926-1.)